Nos. 15-5880/5961/5978

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 05, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| APRIL MILLER, et al., | ) |
| | ) |
| Plaintiffs-Appellees, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| KIM DAVIS, in her individual and official capacity as Rowan County Clerk, | ) ) |
| | ) |
| Defendant-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| STEVEN L. BESHEAR, in his official capacity as Governor of Ky.; WAYNE ONKST, in his official capacity as State Librarian and Commissioner, Kentucky Department of Libraries and Archives, | ) ) ) ) |
| | ) |
| Third Party Defendants-Appellees. | ) |
| | ) |

Before:  KEITH, ROGERS, and DONALD, Circuit Judges.

Kim Davis, the Rowan County Clerk, appeals a preliminary injunction entered on August 12, 2015, enjoining her, in her official capacity, "from applying her 'no marriage licenses' policy to future marriage license requests submitted by the Plaintiffs." She also appeals the September 3, 2015 order modifying the preliminary injunction to enjoin her from applying her no-marriage-license policy to future marriage license requests submitted by individuals who are eligible to marry in Kentucky. On August 28, 2015, we denied Davis's motion for a stay of the August 12 preliminary injunction. She now seeks a stay pending appeal of the September 3 order. The plaintiffs and the third-party defendants oppose a stay. On September 23, 2015, the district court denied a stay of the September 3 order.

Davis "bears the burden of showing that the circumstances justify" the exercise of discretion to grant a stay pending appeal. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Four factors guide our consideration of the renewed motion for a stay: (1) whether Davis has a strong likelihood of success on the merits; (2) whether she will suffer irreparable harm in the absence of a stay; (3) whether the requested injunctive relief will substantially injure other interested parties; and (4) where the public interest lies. *Id*. at 434; *see also Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012). "The first two factors of the traditional standard are the most critical." *Nken*, 556 U.S. at 434. "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Davis argues that because the August 12 preliminary injunction was on appeal to this court, the district court lacked jurisdiction to issue the September 3 order modifying the terms of the injunctive relief granted. As a general rule, the filing of a notice of appeal divests the district court of jurisdiction to act, except in the aid of the appeal. But Federal Rule of Civil Procedure 62(c) provides that while an appeal from a ruling on injunctive relief is pending, "the court may suspend, modify, restore, or grant an injunction[.]"

The district court's order denying a stay shows that plaintiffs' likelihood of success on the merits of this appeal is not sufficiently strong to outweigh the remaining equitable factors at this stage of the appeal.

Davis's renewed motion for a stay of the September 3 order pending appeal is **DENIED**.

        ENTERED BY ORDER OF THE COURT

        Deborah S. Hunt, Clerk